Number 057184 Kokenge v. Department of Veterans Affairs Mr. Hoffman, you will have to tell us how to pronounce the appellant's name. Thank you, Your Honor. It's Kokenge. Kokenge, thank you. Larry Kokenge. Doug Hoffman representing the claimant, veteran, Larry Kokenge. May it please the Court of Counsel. Your Honors, Mr. Kokenge had an initial evaluation at the time of his induction that showed that he had completely healthy and normalized, other than a minor refraction error. During the subsequent weeks and months, his eyes developed what was obviously post-full changes. The refractive error went from 2040 to 2080, and his disability with respect to his eyes worsened during the time that he was in the service during the Vietnam War era. It's the position of the claimant that there has never been an appropriate evaluation of his claim in connection with the development of his disease during the service that respected the presumption of soundness that should have been applied to him at all stages of these proceedings from the time that it was reviewed by the regional office all the way up through the Veterans Court. Aren't these all applications of law to fact concerning which we have no jurisdiction? I don't believe so, Your Honor. I believe that few claims are really quintessentially law to fact. Oftentimes, Your Honor, I agree that's the case. But in this particular case, the Veterans Court specifically indicated that our client was not entitled to a presumption of a lack of aggravation in connection with his service disability. We believe that that was an error of law. How do you get a presumption? You get a presumption from law, but the rest of it deals with facts, doesn't it? Well, Your Honor, presumption is a matter of law that requires that unless it is rebutted by a certain level of fact, in this case, clear and unmistakable evidence, the presumption must prevail, and so it was. But whether it was overcome or not is a question of law to fact. I don't believe so. The sufficiency of evidence to overcome the presumption, Your Honor, we believe this Court has held in the past is a matter of law. And we think that that's an essential issue that needs to be resolved with respect to this case, and we think that it needs to be remanded and that the Veterans Court needs to be given the opportunity to review this matter, taking into consideration the fact that our client was entitled to a presumption of solemnness. He was entitled to both prongs of the presumption of solemnness that set forth in the Wagner case. So you would have us say that the Veterans Court or even the Board of Veterans Appeals got it wrong when they gave too much credence to evidence rebutting the presumption? We don't think there was any evidence that rebutted the presumption. We believe that there were some conclusory statements that have been made that the presumption was rebutted, but we don't think that there was evidence. There was not clear and unmistakable evidence, and we don't believe that there was evidence of any sufficiency to meet that type of a burden shift. Didn't he get service connection? He ultimately did, Your Honor, in approximately the year 2000, I believe it was. 1999? Yes, sir. And we don't believe that any of the evidence that resulted well, basically our position is that they finally got it right. His condition, of course, had progressed and progressed over the years, but it was, I think basically they got it right finally, and now what we're asking for is to review back to the original 1972 decision to show that the presumption should have carried the day in 1972 as well as it did in the year 1999. And the error in law was that they didn't apply the appropriate standard, that they never applied the presumption, which is that they applied the presumption incorrectly or that they didn't apply the presumption at all? We don't think they applied the presumption at all. They said they did, right? The veterans' court indicated that they believe that the presumption, the first prong of the presumption of soundness was rebutted. The veterans' court believed that there was evidence to show that the condition preexisted service, even though that wasn't shown in the induction. We don't agree with that, but nevertheless, the more obvious error, we believe, is where the veterans' court stated that the fact that he worsened, his condition worsened while he was in the service was not of significant consequence to the issue of whether or not he was presumed to have had an aggravation or there was no clear and unmistakable, the veterans' court stated there was no requirement of clear and unmistakable evidence to show a lack of aggravation while he was in the service, and we think that was an error of law. And, of course, that was a very critical error of law. I thought that there was a different question and a question that I don't really remember our answering, and that is, let's just postulate that at the time of the initial decision, based on the state of the science, of the medical science, and I think this is what the board and the court said as well, there was not clear and unmistakable error. That was the best decision that could have been made at the time. Then 30 years later, as more was learned about the disease, let's just say, to make it simple, that necessarily it would have been present 30 years sooner, but nobody would have known that 30 years sooner. Now, is that a question of law as to whether modern science is to be applied retrospectively, even though there was no error at the time of the initial decision? Is this an argument that you're making and that I didn't really understand? No, ma'am, we're not making that argument. I don't think that the science really changed over those 30 years. It is true that at the time that the benefits were awarded, the agency took a step that they should have taken back in 1972, which was have my client evaluated by somebody that was specifically asked to state, is this something that can be aggravated in service? And the answer was yes, but the same answer would have applied scientifically in 1972. There's nothing in the record that would suggest otherwise. But that it could have been aggravated doesn't mean that it was aggravated, and I think they made a pretty clear statement that based on the studies that were done at the time, the evaluation that was done at the time, there was no clear and unmistakable error in that evaluation. The only reason it seems to me that error is being raised now is because of the ensuing progression of the disease. That's not an issue? Ma'am, that's not our argument. That could be an argument that the other side is making, but our position is... Well, they wouldn't make it because it favors you? Well, we need to maintain the jurisdiction of this court, but our argument is that with respect to the progression of the disease and the presumption, he was presumed to be sound, and in order to rebut the presumption of soundness, they had to show by clear and unmistakable evidence that there was a lack of aggravation, and there was no such evidence of a lack of aggravation, and therefore the presumption has to carry the day, and the presumption should have carried the day. But that's evaluation of facts, isn't it? That there was nothing to rebut the presumption. That's evaluation of facts. Aside from whether it's clear and unmistakable such that there could be only one answer. But that's evaluation of facts, isn't it? Well, Your Honor, my experience in practicing law for the last 20 years is that things can get to the point where they become a question of law, strictly a question of law, and that is our position in this particular case. And I realize that there's a continuum sometimes when you're addressing these kinds of issues, but when you have a presumption of this magnitude, clear and unmistakable evidence, it has to be shown to rebut a presumption. Conclusions, hypotheticals, are not clear and unmistakable evidence. As a matter of law, there needs to be evidence in the record that is specifically shown to rebut that presumption, and it was never done. And furthermore, it was never stated that it was done. It was just indicated in the record, well, this is a congenital condition, and there's no specific evidence in the record that he had any direct injury to his eye. We believe that was shifting the burden of proof to the veteran to prove that his condition was aggravated by trauma during his service time. The whole reason why Congress enacted this presumption of soundness and the requirements in order to overcome it were to give the benefit of those doubts to the veteran, and we think the whole thing's been reversed on the client, and so that's the reason why we're here asking for relief in this court. It looks like I'm just about out of my time. I'd like to reserve my remaining minutes for rebuttal. Okay, we'll say that it's out. Thank you. Mr. Hughes? May it please the Court, this case should be dismissed for lack of jurisdiction because Mr. Cochran's challenges to the sufficiency of an evidence to rebut a presumption. Was there evidence of lack of aggravation? Yes, there is evidence of lack of aggravation. The RO specifically found in its 72 rating decision that there was lack of aggravation based upon, in large part, I think, the fact that at the time this disease or condition was known to be congenital or familial origin, and based upon that, it was under the applicable VA manual at the time it was determined to be a disease of preexistent service, and that the RO also then found, based upon service medical records, that there had been no aggravation, that it was a natural progression of that disease based upon various statements from various doctors. So are you saying for this disease you could never have service aggravation? Not anymore. At the time, in 72, the VA manual that was applicable at the time, that was the conclusion, yes, that it was a family disease that occurred. The progression was a natural progression to be aggravated. Since then, the medical state has changed, and in fact that's what resulted in the 99 decision that service-connected Mr. Cochran for aggravation and gave him disability from 99 to continuing. First of all, all the challenges that Mr. Cochran is making are to the weight of the evidence, the sufficiency of the evidence. Even his argument, which characterizes evidence relied upon by the board and the court as conclusory in the life, are his characterizations of evidence. This court does not have jurisdiction to review the weight of the evidence, particularly in a case like this. But doesn't there have to be an objective reason for the date which is finally assigned? Why, for instance, should 99 have been the date of aggravation? It's not the date of aggravation, Your Honor. It's the date that's assigned by statute because he submitted new and material evidence that supported reopening his claim in a service connection for aggravation, and the date of when he submitted that new and material evidence is by statute the date to which he's entitled to benefit. This is an acute case. The reason that we're at a later date here is he had a 1972 rating decision. He disagreed with it. He got a statement of the case, but he chose not to perfect an appeal. That 72 decision became final for purposes of the 72 decision, and the only way to challenge it or reopen it and get a different decision is, one, to do what he did, which was submit new and material evidence, which gets you only benefits back to the date you submitted new and material evidence, or two, to challenge it as acute claim, which is what we're here today before, but acute claim requires the claimant to show that there was clear and mistakable error based upon the law and facts known to the VA at the time, and that that error was outcome determinative. He can't meet those burdens here even if this court were to have jurisdiction, but again, he's made no legal argument that the Veterans Court decision misinterpreted the presumptions of soundness and aggravation. In fact, the board's and the Veterans Court's opinions in this case both clearly articulate the proper legal interpretation of the presumptions and simply note that the board found that there was no clear and unmistakable error in the 72 rating decision, and the Veterans Court, applying its standard of review, found that that board decision was not arbitrary or capricious in abuse of discretion or not in accordance with law. The arguments he's raising to this court are simply factual ones beyond the court's jurisdiction, and for those reasons the court should dismiss the appeal. So your view is that the only way we would have jurisdiction is if hypothetically the Veterans Court or the board in this case did not apply the appropriate presumption, did not grant that jurisdiction. Yes, Your Honor. Apply may be the wrong word. No, exactly wrong. I wouldn't even agree that you would have jurisdiction if his contention was that they misapplied it. If it was a legal misinterpretation of the statutory and regulatory provisions, yes, perhaps. The application of the statutory and regulatory provisions to the evidence and existence of the time is beyond this court's jurisdiction. Mr. Hughes? Mr. Hoffman? Your Honors, we believe that the Veterans Court made a plain error statement in its opinion where a state of the regional office in 1972 was not required in order to rebut the presumption of soundness to consider whether clear and unmistakable evidence had been presented to show that the condition was not aggravated. The statute 1111 specifically requires that that precise amount of evidence be presented. So we don't think that the Veterans Court has reviewed this matter under the correct legal standard. And we believe if they did review it under the correct legal standard, they would agree with the claimant that the BVA and the regional office did not approach this from the right perspective. And we respectfully disagree with the Department of Justice attorneys that we're just asking for a reweighing of the evidence. That's not what we're asking for. We're asking for an evaluation of the evidence through the lens of the presumption that the veteran is entitled to as enacted by Congress. So if the court doesn't have any more questions since my opposing counsel was brief in their comments, I will be so also. Okay. Thank you, Mr. Hoffman and Mr. Hughes. The case is taken under submission.